UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 12-20846 (ASD) |
| JOSEPH D. ZALESKI, ) | |
| ) | CHAPTER 13 |
| DEBTOR ) | |
| ) | |
| INDUSTRIAL MOLD & TOOL, INC., ) | |
| ) | |
| MOVANT ) | |
| ) | |
| v. ) | RE: ECF NO. 20 |
| ) | |
| JOSEPH D. ZALESKI, ) | |
| ) | |
| RESPONDENT ) | |

**BRIEF MEMORANDUM AND ORDER GRANTING MOTION RELIEF FROM STAY
AND
IMPOSING IN REM RELIEF AS TO REAL PROPERTY**

**I. BACKGROUND**

On April 9, 2012 (hereinafter, the "Petition Date"), Joseph D. Zaleski (hereinafter, the "Debtor"), commenced the instant bankruptcy case by the filing of a voluntary petition under Chapter 13 of the United States Bankruptcy Code (hereinafter, the "Petition").

On February 9, 2001, Industrial Mold & Tool, Inc. (hereinafter, "IMT") obtained a judgment against the Debtor in the Connecticut Superior Court (hereinafter, the "State Court"), and, on June 18, 2010, recorded on the New Britain Land Records a Judgment Lien on a parcel of real property located at 83 Osgood Avenue, New Britain, Connecticut (hereinafter, the "Property") then owned by the Debtor. Shortly after the recording of the Judgment Lien, the Debtor, on July 21, 2010, without the consent of IMT, transferred his ownership of the Property to Zaleski, Zaleski and Zaleski, LLC (hereinafter, "ZZZ, LLC"),

a Connecticut limited liability company, of which the Debtor is a member.

Following the transfer, on August 20, 2010, IMT commenced a foreclosure action involving the Property in State Court against the Debtor and ZZZ, LLC.  On March 21, 2011, the State Court entered a judgment of foreclosure by sale, appointed the Committee of Sale (hereinafter, the "Committee") and set the sale date for May 14, 2011.  On the scheduled date, the Committee conducted the foreclosure auction at which the high bidder was Jay Zaleski, son of the Debtor and also a member of ZZZ, LLC.  On July 7, 2011, Jay Zaleski advised the Committee that he was unable to complete the purchase of the Property and the State Court, on August 15, 2011, set the date for a second foreclosure sale to be held on October 15, 2011 (hereinafter, the "Second Sale Date") .

Two days prior to the Second Sale Date, the Debtor, on October 13, 2011, filed a Chapter 13 bankruptcy petition, Case No. 11-22997, (hereinafter, the "First Case").  While the Debtor did not own and had no interest in the Property[1] on the commencement date of the First Case, the Judgment Lien resulted from a judgment against the Debtor in the State Court, and further proceedings, including the scheduled foreclosure sale, to enforce that judgment in State Court were treated as stayed pursuant to §362(a). *See, e.g.,* Motion, ¶5.

The First Case was dismissed on December 13, 2011 for failure to file Schedules (including Schedule A ("Real Property")), Statements, Means Test, and the Chapter 13

---

[1]  *See* Conn. Gen. Stat. §34-167(a) which provides:

> Property transferred to or otherwise acquired by a limited liability company is property of the limited liability company and not of the members individually. A member has no interest in specific limited liability company property.

2

Plan, *see* §§ 1321 & 1322, required to be filed within 14 days of the filing of the petition. *See* Fed. R. Bankr. P. 3015(b), *inter alia*. In fact, other than filing the bare petition, and Exhibit D ("Individual Debtor's Statement of Compliance with Credit Counseling Requirement"), the docket reflects that the Debtor, while advantaging himself of the automatic stay of §362(a), took no steps to advance the First Case.

After dismissal of the First Case, the State Court, on February 14, 2012, set April 14, 2012 as the new (third) date for the foreclosure sale (hereinafter, the "Third Sale Date"). Once again, the Debtor, on April 9, 2012, filed a Chapter 13 bankruptcy petition just a few days prior to the Third Sale Date, thereby staying the sale of the Property. The Debtor's Schedule A ("Real Property") filed with the Petition lists *only* an interest valued at $600.00 in real property located at "South Meadow Road, Wethersfield, Connecticut. The Debtor's Schedule B ("Personal Property") filed with the Petition lists, *inter alia*, a partial interest valued at $82,000.00 in ZZZ, LLC, which continues to be the owner of the Property.

On June 4, 2012, IMT filed a *Motion of Industrial Mold & Tool, Inc. for Relief from Stay* (hereinafter, the "Motion"), ECF No. 20, seeking relief from the automatic stay of §362(a) to continue to foreclose its Judgment Lien on the Property in accordance with state law, and further seeking *in rem* relief as to the Property. On August 16, 2012, the Court held a hearing on the Motion and the Debtor's Objection thereto (hereinafter, the "Objection"), ECF No. 26.

## II. DISCUSSION

In the Motion, ¶11, IMT accurately observes, *inter alia*, that '[t]he Debtor has no

equity in the [P]roperty and does not even own the premises, having previously transferred same to ZZZ [LLC]." See fn. 1, *supra* (citing Conn. Gen. Stat. §34-167(a)).[2] In the Motion, IMT further asserts, *inter alia*, that the transfer of the Property to ZZZ, LLC was "without [its] consent," Motion, ¶13, "there is no equity in the [Property]," Motion, ¶¶8 & 11, the Property consists of a "dilapidated," "abandoned" and "condemned" former school building, *id.* ¶6, the Debtor "has made no payments in connection with the Judgment Lien," *id.* ¶11, has "provided no adequate protection," *id.*, and there is "[n]o likelihood of an effective reorganization," *id.*, in this case.

In the Objection the Debtor does not dispute IMT's principal assertions but, rather, advances three arguments as follows[3]:

> I. At the time that it instituted the underlying action to foreclose its lien against the Debtor, IMT was not in good standing with the Secretary of State of Connecticut, and
>
> II. IMT "should not be allowed to proceed on the basis of its proof of claim that includes non-includable post-judgment interest" as the Connecticut Supreme Court recently (on April 10, 2012) altered the manner in which post judgment interest is calculated, and
>
> III. While the building on the Property appears to be "dilapidated and, arguably, should be demolished," the neighborhood is desirable and would aid in the reorganization of the Debtor, and the Property is necessary for an effective reorganization.

The Court finds no merit to the arguments advanced in I & II. As to III, the Debtor proposes "reorganizing" the Property by the demolition and development of a subdivision

---

[2]  IMT, while noting that the Debtor had only a membership interest in ZZZ, LLC on the Petition Date, and enjoyed no interest in the Property, but seeking to continue proceedings against the Debtor (and ZZZ, LLC) in State Court, did not argue or take the position at any time that the automatic stay of §362(a) is not applicable. *See* §362(a)(1), *inter alia*.

[3]  These three assertions and arguments are labeled I, II, & III herein to coincide with their designation in the Objection.

thereon. The Property, however, having been transferred to ZZZ, LLC prior to the Petition Date, and now owned by ZZZ, LLC, is simply not the Debtor's to reorganize.

In addition, assuming, *arguendo,* that the Property were the Debtor's to attempt to reorganize, IMT is not adequately protected. In light of the judgment debt, the interest thereon, the fees and costs of the Committee, and the real property taxes owed to the City of New Britain, neither the Debtor nor ZZZ, LLC has any equity in the Property. In addition, any reorganization related to the Property by its proposed building demolition, subdivision, and development, apparently to be funded by the liquidation or refinancing of other real properties with obvious attendant and extraordinary costs and delays, makes any such reorganization by the Debtor through a Chapter 13 Plan a fanciful adventure at best.

Under these circumstances, the filing of these bankruptcy cases reflects an abusive bankruptcy agenda intended to delay, hinder, impede and forestall IMT's legitimate attempts to foreclose on its interest in the Property in the State Court, with that scheme to delay, hinder and defraud IMT including a transfer of the Property by the Debtor without IMT's consent, and multiple bankruptcy filings affecting the Property, constituting not only "cause" for relief from stay under §362(d)(1), but also triggering the *in rem* provision of §362(d)(4).

Finally, not only has IMT shown sufficient "cause" for granting it relief in accordance with §362(d) from the automatic stay, the Court further finds that, as a consequence of the Debtor's serial bankruptcy filings, the automatic stay terminated, pursuant to §362(c)(3)(A), as a matter of law, on May 9, 2012. *See* 11 U.S.C. §362(c)(3) (If a Chapter 7, 11, or 13 case is filed by an individual debtor and if a "case of the debtor was pending within the preceding 1-year period but was dismissed . . . the stay . . . shall terminate with respect to

5

the debtor on the 30th day after the filing of the later case.")[4].

## III. ORDER

In accordance with the discussion above,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** - the automatic stay of 11 U.S.C. § 362(a), to the extent applicable, is modified pursuant to §362(d) to permit IMT, and/or its successors and assigns, to continue its State Court foreclosure action and otherwise exercise its rights, if any, with respect to the Property, in accordance with applicable state law, and

**IT IS FURTHER ORDERED** pursuant to §105 and §362(d)(4) that IMT is granted *in rem* relief as to the Property – any bankruptcy petition filed by or against the Debtor, individually or jointly, by any insider of the Debtor, *see* 11 U.S.C. §101(31), or other person with an interest in the Property, *prior to the completion of IMT"s efforts to enforce its rights concerning the Property and all appeals related thereto*, or within two years of the date of this Order, whichever first occurs, shall not operate as a stay (or trigger the stay) under §362(a) as to the Property, *provided* that any such prospective debtor, may seek on an expedited basis an order of the undersigned judge, or the judge assigned the newly-filed bankruptcy case, relieving them from the prejudice of §362(d)(4) and the *in rem* effect of this paragraph. Any such prospective debtor's request for such relief shall be by written motion properly noticed and served upon IMT and/or its successor(s) and assigns, accompanied by (i) a copy of this Order and (ii) an affidavit attesting to their relationship, if any, direct or indirect, to the Debtor, setting forth with particularity the status of IMT's

---

[4] No motion seeking a continuation of the automatic stay pursuant to §362(c)(3)(B) has been filed in this case.

foreclosure efforts as to the Property, and particularizing and attesting that there are new and changed circumstances or other good cause warranting the application of §362(a) to the Property in the newly filed case, notwithstanding this order, and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed. R. Bankr. P. 4001(a)(3) is not applicable and IMT may immediately enforce and implement this order, and

**IT IS FURTHER ORDERED** that the Objection in all respects is **OVERRULED** .

Dated: August 23, 2012                                                BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge